UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy Terry, #119520, | C/A No. 1:12-2094-MGL-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Cecilia R. Reynolds, Warden, | |
| Respondent. | |

Petitioner, proceeding *pro se*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

Petitioner was convicted and sentenced on February 6, 1984 after pleading guilty to armed robbery, attempted armed robbery, and assault and battery with intent to kill in Greenville County. [Entry #1 at 1]. Petitioner did not make a direct appeal, but filed an application for Post-Conviction Relief ("PCR") on May 13, 1985, which was denied June 26, 1986. *Id.* at 2–3. He made two subsequent PCR attempts, which were denied on January 6, 1994 and May 7, 2007, respectively. *Id.* at 4. He did not further pursue any of his PCR applications. *Id.*

II. Discussion

   A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1213, and other habeas corpus statutes. A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

   B. Analysis

With respect to a conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v.*

*Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–491 (1973) (exhaustion required under 28 U.S.C. § 2241).

The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The AEDPA became law on April 24, 1996. Petitioner's conviction became final prior to the enactment of the AEDPA, so Petitioner had until April 24, 1997, one year from the enactment date of the AEDPA, to file his petition. *Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998) (petitioner whose conviction became final prior to the enactment of the AEDPA

3

shall have one year from the date of enactment to file a habeas petition). The instant petition was filed over fifteen years after the April 24, 1997 deadline. [Entry #1].

The United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (carving out habeas corpus petitions and *in forma pauperis* complaints as narrow circumstances to permit *sua sponte* consideration of statute of limitations when defense is clear on face of petition or complaint). The *Day* Court further instructs that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Similarly, the Fourth Circuit Court of Appeals has mandated caution in *sua sponte* dismissals of untimely petitions under the AEDPA:

> [W]hen a federal habeas court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

*McMillan v. Jarvis*, 332 F3d 244, 249 (4th Cir. 2003); *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002).

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Equitable tolling of the statute of limitations may

4

be available where a petitioner presents facts of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Petitioner has made no showing to warrant equitable tolling in this case. Although he states that "[t]he time for filing should be tolled, as I was just recently made aware that a final decision had been handed down in my case on appeal," [Entry #1 at 13], he does not cite to the final decision by date or otherwise provide a copy of said decision. Because Petitioner has made no showing that his failure to pursue habeas relief was due to some circumstance beyond his control, his petition is barred by the statute of limitations. *Cf. Parmaei v. Jackson*, 378 Fed. Appx. 331 (4th Cir. 2010) (extraordinary circumstances existed when a clerk of court erroneously failed to place an otherwise timely § 2254 petition on the docket, thus rendering it untimely).

Petitioner was given the opportunity by order of the undersigned dated August 6, 2012, to show cause why his case should not be dismissed on timeliness grounds. [Entry #6]. Petitioner failed to respond to the order to show cause. In light of the absence of any extraordinary circumstances beyond Petitioner's control that would militate in favor of equitably tolling the limitations period, the undersigned recommends the instant petition be dismissed as untimely.

III.     Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

5

IT IS SO RECOMMENDED.

September 27, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).