IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leroy Terry, | ) | Civil Action No.: 1:12-2094-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **AMENDED ORDER AND OPINION** |
| | ) | |
| Cecila R. Reynolds, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Leroy Terry is an inmate at the Kershaw Correctional Institution in Kershaw, South Carolina. On July 26, 2012, Petitioner proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On September 27, 2012, Magistrate Judge Hodges issued a Report and Recommendation recommending *inter alia* that the court dismiss Petitioner's petition without prejudice and without issuance and service of process because Petitioner's claims are untimely.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those

portions of the Report and Recommendation to which specific objections are made.

On September 27, 2012, Petitioner was advised of his right to file objections to the Report and Recommendation. (ECF No. 11 at 7). However, he has not done so. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without requiring respondent to file a return.

## Certificate of Appealability

The governing law provides that:

(c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is

DENIED.

**IT IS SO ORDERED**.

                                             <u>/s/ Mary G. Lewis</u>
                                             United States District Judge

Spartanburg, South Carolina
November 1, 2012